UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTOR F. FERNANDEZ,<br>      Plaintiff,<br><br>    v.<br><br>NANCY A BERRYHILL,<br>Commissioner of the Social Security<br>Administration,<br>      Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:16-CV-358-PRC<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Victor F. Fernandez on August 8, 2016, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], filed by Plaintiff on February 17, 2017. Plaintiff requests that the February 24, 2015 decision of the Administrative Law Judge (ALJ) denying his claim for disability insurance benefits be remanded for further proceedings. On May 1, 2017, the Commissioner filed a response, and Plaintiff filed a reply on May 24, 2017. For the following reasons, the Court grants the request to remand for further proceedings.

**PROCEDURAL BACKGROUND**

On January 11, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning July 3, 2012. The claim was denied initially and on reconsideration. Plaintiff timely requested a hearing, which was held on July 19, 2013, before ALJ Jason C. Earnhart in Valparaiso, Indiana. Also in attendance were Plaintiff, his non-attorney representative, an impartial vocational expert, and a vocational expert in training who was at the hearing as an observer. On February 24, 2015, the ALJ issued a written decision denying benefits, making the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since July 3, 2012, the alleged onset date.

3. The claimant has the following severe impairments: open reduction and internal fixation of broken right ankle, obesity, and open angle residual glaucoma.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can occasionally climb ladders, ropes, scaffolds, ramps, stairs, balance, stoop, kneel, crouch or crawl. He can occasionally use foot controls with the right leg. He can have frequent exposure to moving mechanical parts and to unprotected heights.

6. The claimant is capable of performing past relevant work as janitor (COT# 382.664-010), a floor waxer (DOT# 381.687-034), and a warehouse laborer (DOT# 922.687-058). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 3, 2012, through the date of this decision.

(AR 20-28).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. 404.981. Plaintiff filed this civil action pursuant to 42 U.S.C. 405(g) and 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**DISABILITY STANDARD**

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff argues that this matter should be reversed and remanded for further proceedings because the ALJ did not properly evaluate medical opinions, did not consider Plaintiff's cervical spondylosis, and erred in determining Plaintiff's subjective symptoms.

### A. Medical Opinions

In determining whether a claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . received." 20 C.F.R. § 404.1527(b). And, the ALJ evaluates every medical opinion received. 20 C.F.R. § 404.1527(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts consulted by the ALJ. *Id*. § 404.1527(e)(2).

*1.     Treating Ophthalmologist*

An ALJ must give the opinion of a treating doctor controlling weight if (1) the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and (2) it is "not inconsistent" with substantial evidence of record. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). In weighing all opinion evidence, the ALJ considers several factors and "must explain in the decision the weight given" to each opinion. 20 C.F.R. § 404.1527(e)(2)(ii), (iii); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th 2008). When a treating physician's opinion is not given controlling weight, the ALJ must nevertheless consider certain factors to determine how much weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability (such as medical signs and laboratory findings), and specialization. 20 C.F.R. § 404.1527(c)(2)-(5).

On October 8, 2013, Plaintiff's treating ophthalmologist, Dr. Aurabind Balagani, indicated that Plaintiff had a diagnosis of residual stage open angle glaucoma. (AR 459). Dr. Balagani opined that Plaintiff is not able to see clearly enough to operate machinery, read small print, or identify details at close range. (AR 460).

The ALJ did not acknowledge, much less discuss or weigh, Dr. Balagani's opinion. The ALJ references the glaucoma diagnosis and the medical finding of Plaintiff's visual acuity, which are contained in the same document as Dr. Balagani's opinion, but the ALJ fails to address Dr. Balagani's opinions as to what activities Plaintiff cannot see clearly enough to perform.

Dr. Balagani is Plaintiff's treating ophthalmologist. The ALJ's failure to consider and weigh this opinion of the treating physician under the applicable standards is reversible error. *Craft*, 539 F.3d at 677-78. This failure is especially notable in light of Dr. Balagani's opinion of Plaintiff's visual restrictions. The Court cannot be assured that the ALJ considered the important evidence pertaining to Plaintiff's vision. A proper analysis of Plaintiff's glaucoma must discuss Dr. Balagani's opinion. Remand is required.

2. *Developing Full and Fair Record*

Plaintiff also argues that the ALJ failed in his duty to develop a full and fair record because the ALJ did not send Plaintiff to get a second opinion, pursuant to the advice of Plaintiff's treating physician, Dr. Hecht. The cases that Plaintiff cites in support do not indicate that an ALJ must send a claimant to get a second opinion. Instead, these cases pertain to submitting new medical testing results to medical scrutiny, *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014), requiring an ALJ to—at a minimum—have a physician look at medical records to evaluate a claimant's allegations of pain where the claimant has had significant treatment for pain, *Green v. Apfel*, 204 F.3d 780, 782

(7th Cir. 2000), and ordering a new x-ray when the newest one in the record is almost ten years old and the claimant has a degenerative condition, *Smith v. Apfel*, 231 F.3d 433, 437-38 (7th Cir. 2000).

Plaintiff bears the burden of providing evidence of his medical impairments. *See* 20 C.F.R. § 404.1514; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). The cases that Plaintiff cites do not support his argument that Dr. Hecht's directive to get a second opinion required the ALJ to send Plaintiff for such a second opinion. Plaintiff has not shown error on this issue.

3. *Conflicting State Agency Opinions*

Plaintiff contends that the ALJ failed to resolve the conflict between the medical opinions of state agency reviewing physicians Dr. Fife and Dr. Bijpuria. Dr. Fife opined on June 8, 2013, that Plaintiff could perform light work. On June 14, 2013, Dr. Bijpuria opined that Plaintiff could perform medium work. On June 26, 2013, an Office of Quality Performance (OQP) reviewer determined that Dr. Bijpuria's opinion was not as supportable as the assessment previously proposed by Disability Determination Services after Dr. Fife's opinion.

Plaintiff argues that the OQP reviewer, inconsistently with her determination, adopted Dr. Bijpuria's opinion, but the OQP reviewer does not adopt a medium level RFC on the page that Plaintiff cites. Plaintiff further contends that the OQP review is unclear and the reviewer may have intended to write that Dr. Fife's opinion was not as supportable. Plaintiff's ultimate argument is that the ALJ could not have reasonably relied on the conflicting state agency physician's opinions without discussing the conflict or recontacting the OQP reviewer for clarification.

The ALJ makes extensive citation to the record in deciding to give great weight to the opinions in the record that Plaintiff can perform medium work and not much weight to the opinion that Plaintiff can perform light work or the OQP reviewer's opinion that Dr. Bijpuria's opinion is

not as supportable. The ALJ discussed the significant evidence in the record in resolving the conflict between the opinions. The Court will not reweigh this evidence on appeal.

Plaintiff makes the related argument that there is no support in the record for resolving the medical opinion conflict and that the ALJ relied on his own lay opinion in resolving the conflicting opinions. This argument is without merit. The ALJ is tasked with evaluating the medical opinions in the record. 20 C.F.R. § 404.1527(c). The ALJ discussed the evidence that led him to his evaluations, and Plaintiff's argument that no support exists is another invitation to reweigh the evidence, which the Court will not do.

### B. Cervical Spondylosis

Plaintiff contends that the ALJ erred in not finding, at step 2, that Plaintiff has a severe impairment of cervical spondylosis. The Commissioner responds that Plaintiff has not shown evidence that cervical spondylosis significantly limits Plaintiff's functioning.

The Commissioner refers to an incorrect standard; Plaintiff need not show that an alleged impairment significantly limits him at step 2. At step 2, "[a]n impairment is not severe only if it is a slight abnormality that has no more than a minimal effect on the ability to do basic work activities." *Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) (internal quotation marks omitted) (quoting SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996)). "The Step 2 determination is a de minimis screening for groundless claims intended to exclude slight abnormalities that only minimally impact a claimant's basic activities." *O'Connor–Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (internal quotation marks omitted) (quoting *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016)).

9

However, failure to identify a severe impairment at step 2 is harmless as long as the ALJ identifies other severe impairments and continues on in the five-step evaluation process. *See Curvin v. Colvin*, 778 F.3d 645, 649-50 (7th Cir. 2015) (quoting *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012)) (noting that "even if there were a mistake at Step 2, it does not matter" if the ALJ proceeds to consider all impairments in determining the RFC).

Here, Plaintiff also contends that the ALJ did not consider the cervical spondylosis in determining Plaintiff's RFC. It is true that the ALJ barely makes mention of Plaintiff's abilities in his neck, and that consulting physician Dr. M. Siddiqui found that Plaintiff had limited ranges of motion in his neck. The Court directs the ALJ, on remand, to consider Plaintiff's allegations of neck impairments, including cervical spondylosis, and the evidence of reduced ranges of motion.

**C. Subjective Symptoms**

On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing his "credibility." However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's decision is governed by the standard of SSR 96-7p.

In making a disability determination, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 404.1529(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id*. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

| | | |
|---|---|---|
| (1) | | The individual's daily activities; |
| (2) | | Location, duration, frequency, and intensity of pain or other symptoms; |
| (3) | | Precipitating and aggravating factors; |
| (4) | | Type, dosage, effectiveness, and side effects of any medication; |
| (5) | | Treatment, other than medication, for relief of pain or other symptoms; |
| (6) | | Other measures taken to relieve pain or other symptoms; |
| (7) | | Other factors concerning functional limitations due to pain or other symptoms. |

*See* 20 C.F.R. § 404.1529(c)(3). "Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness . . . a court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quotation marks omitted) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

Plaintiff argues that the ALJ erred in finding Plaintiff not entirely credible. Because remand is necessary on other grounds and because the new Social Security Ruling will apply on remand, the Court need not determine whether the ALJ's evaluation of Plaintiff's credibility here requires remand.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], **REVERSES**

the final decision of the Commissioner of Social Security, and **REMANDS** the case for further proceedings.

SO ORDERED this 29th day of September, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT